UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO ROSALES,

Plaintiff,

v.

SHASTA COUNTY D.A.'S OFFICE,

Defendants.

No.  2:26-cv-0990 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff did not request leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or pay the court's filing fee.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.      COURT'S FILING FEE

Plaintiff has not filed an in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $55.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).  In order to proceed with this case, plaintiff must request leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or pay the court's filing fee.  Plaintiff will be provided the opportunity either to

---

[1]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee.

1

submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $405.00.

II.     SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

III.    PLAINTIFF'S COMPLAINT

Plaintiff sues the Shasta County District Attorney's Office, claiming he has served 17 years, and seeks a reduction of his prison sentence under the Eighth and Fourteenth Amendments. (ECF No. 1 at 14.)

IV.     DISCUSSION

Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions.  Imbler v. Pachtman, 424 U.S. 409 (1976).  Determining whether a prosecutor's actions are immunized requires a functional analysis.  The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies.  Ashelman v. Pope, 793 F.2d

2

1072 (9th Cir. 1986) (en banc).  The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune.  Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity.  See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).  The Shasta County District Attorney's office is immune from suit to the extent that petitioner challenges their role in prosecuting plaintiff.

In addition, plaintiff cannot obtain a reduction in his prison sentence through a civil rights action under 42 U.S.C. § 1983.  As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.  Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam).  Any federal action seeking to challenge the duration of plaintiff's prison confinement must be brought through a petition for writ of habeas corpus under 28 U.S.C. § 2254.  But before plaintiff may bring such a habeas petition, he must first exhaust state court remedies as to such claim.[2]  Review of state court records reflects that plaintiff has not filed a petition for writ of habeas corpus in the California Supreme Court.[3]  Plaintiff's last filing in the California Supreme Court was his petition for review of his underlying criminal conviction in People v. Rosales, No. S255114, which was denied on June 12, 2019.  Plaintiff may also seek a reduction in his prison sentence in the Shasta County trial court.

---

[2]  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

[3]  The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

It would be futile to grant plaintiff leave to amend because he cannot remedy the defects identified above.  Therefore, plaintiff is granted the option of voluntarily dismissing this action so that he may first pursue his state court remedies.  Because plaintiff has not yet paid the filing fee or submitted his request to proceed in forma pauperis, opting to voluntarily dismiss the case will spare plaintiff the assessment of the court's filing fee.  Plaintiff is cautioned that if he chooses to proceed with this action, he will incur the filing fee, as explained above, and this Court will recommend that this action be dismissed.

V.      MOTION FOR APPOINTMENT OF COUNSEL

In light of this order, plaintiff's motion for appointment of counsel (ECF No. 4) is denied.

VI.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $405.00; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed; **OR** plaintiff may voluntarily dismiss this case.

2.  Plaintiff's motion for appointment of counsel (ECF No. 4) is denied.

3.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner.

Dated:  April 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/rosa0990.3.vol

4